UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20562-CR-HUCK/O'SULLIVAN

UNITED STATES OF AMERICA

vs.

ALEXIS RAMOS,
RAUL RAMOS Jr.,
GERMAN GALVEZ,
MANUEL CAMEJO,
GEORGE MORALES,
and
HIPOLITO GUZMAN,

        **Defendants.**
_____/

GOVERNMENT'S RESPONSE TO
THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.    1.    Attached are recorded statements made by the defendants.

           2.    Attached are the written records containing the substance of oral statements made by co-defendant German Galvez after arrest in response to interrogation by a person then known to the defendant to be a government agent.

           3.    No defendant testified before the Grand Jury.

           4.    The NCIC records of the defendants will be provided upon receipt.

           5.    Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a

>mutually convenient time at the Office of the United States Attorney, 11200 NW 20TH Street, Miami, Florida, Suite 101. Please call the undersigned to set up a date and time that is convenient to both parties
>
>The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

>6. Any laboratory analysis reports will be provided when received by the undersigned.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. No defendant was identified in a photo spread.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

>In addition, the government may introduce under Rule 404(b) evidence

    underlying the defendants' past criminal activity that has resulted in arrests and/or convictions and which is summarized in the attached court documents.

I.  The defendants are aggrieved persons, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.  The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.  The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

  If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial.

L.  The government is in possession of one (1) vehicle allegedly used in the commission of this offense, that is, one (1) 1994 Peterbilt flat bed tractor trailer, more particularly described as rig Vehicle Identification Number # 1XP5DB8X1RN348640, and flat bed Vehicle Identification Number # 1TTF48205V1853180.

  If you wish to inspect this vehicle used in the commission of the offense charged, please contact the undersigned.

  Security requirements mandate strict compliance with the procedures established for the granting of access for inspection of seized vessels, aircraft and vehicles.

  Accordingly, the United States Attorney's Office cannot process last-minute requests for inspection. In order to meet security requirements, all requests to inspect seized vessels, aircraft or automobiles must be received by the undersigned on or before fifteen (15) days from the date of the Certificate of Service attached hereto.

  If you anticipate that this deadline may create a problem for you or your client, please promptly send written notice to the undersigned.

M.  The government has not received the results of fingerprint analysis currently being conducted on items seized from the defendants. The undersigned will provide the reports as soon as they are received.

N.  To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.  The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.  At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

Date: On or about April 18, 2008, and continuing through on or about June 3, 2008

The document attachments to this response are numbered pages 1-208. Also enclosed are:

10    compact discs.

Please contact the undersigned Assistant United States Attorney if any of the above listed items are missing.

Respectfully Submitted by

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

By: \_\_\_/s/_____
SEAN T. McLAUGHLIN
Assistant United States Attorney
Court No. A5501121
11200 NW 20th Street
Miami, Florida 33172
Tel: (305) 715-7642/7656
Fax: (305) 715-7639

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 27, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

\_\_\_/s/_____
SEAN T. McLAUGHLIN
Assistant United States Attorney